## Horton's Estate.

Submitted April 13, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*James S. Woods,* for appellant.

*Xopher Beck* and *H. H. Waite,* for appellee.

PER CURIAM, May 11, 1931:

This appeal is from the decree of the Orphans' Court of Huntingdon County sustaining the refusal of the register of wills to admit to probate, as part of the will of Solomon S. Horton, a writing offered by appellant.

The paper in question is a letter received by Mrs. Mary M. Morgart, appellant, from decedent, under date of March 1, 1924, the postscript (the part alleged to be testamentary) to which reads as follows: "P.S. bought little more Johnstown Stock. hope this turns out O. K. As you already know this to be yours. I want you to have Sterling Commercial Stock. Your Dad."

Solomon S. Horton died April 21, 1927, leaving a will dated October 4, 1924, by which he disposed of his entire estate, making no mention of Mrs. Morgart, and naming P. A. Horton executor, to whom, on four separate occasions between October 3, 1924, and July 26,

1926, he assigned four certificates for varying amounts of the stock of the Sterling Commercial Co., aggregating 232 shares, the entire holdings of decedent in the corporation named, which certificates he delivered to P. A. Horton in February, 1927. We need not discuss the question of whether or not the writing sought to be probated is testamentary in character, inasmuch as we agree with the court below that, even if the letter should be regarded as having had testamentary value, its worth was nullified by decedent's actions in assigning his entire holdings of stock in the Sterling Commercial Co. to P. A. Horton, and in his will giving the latter, as executor, explicit directions as to the distribution to be made of all his property.

The decree of the court below is affirmed; costs to be paid by appellant.